UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Secure Cam, LLC, a Wyoming limited liability company,<br><br>                    Plaintiff,<br>v.<br><br>Fingertec USA, LLC, a New York corporation,<br><br>                    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Secure Cam, LLC ("Plaintiff") brings this complaint against Fingertec USA, LLC ("Defendant"). As its complaint against Defendant, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This is an action under 35 U.S.C. § 271 for infringement of United States Patent No. 8,531,555 ("the '555 Patent"), United States Patent No. 8,350,928 ("the '928 Patent"), United States Patent No. 8,836,819 ("the '819 Patent"), and United States Patent No. 9,363,408 ("the '408").

## THE PARTIES

2. Plaintiff Secure Cam, LLC, is a Wyoming limited liability company having a principal place of business at 30 N. Gould St. Ste. R, Sheridan, WY 82801.

3. Defendant Fingertec USA, LLC is a New York limited liability company having a principal place of business at 1000 Gates Ave #3, Brooklyn, New York 11221.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under United States Patent law.

5. This Court has personal jurisdiction over the Defendant because, *inter alia*, it resides in the State of New York; regularly conducts business in the State of New York; and continues to commit acts of patent infringement in the State of New York including by making, using, offering to sell, and/or selling Accused Products within the State of New York and this district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Defendant is subject to this Court's personal jurisdiction because, *inter alia*, Defendants have committed and continue to commit acts of patent infringement including making, using, offering to sell, and/or selling Accused Products in this district, and/or importing Accused Products into this district; Defendant has a principal place of business in this judicial district, and Defendant employs personnel in this judicial district.

## FACTS

7. Plaintiff is the owner, by assignment, of U.S. Patent No. 8,531,555 ("the '555 Patent"), entitled "Method and Apparatus for Automatically Categorizing Images in a Digital Camera," which was duly and legally issued on September 10th, 2013 by the United States Patent and Trademark Office ("USPTO").

8. A copy of the '555 Patent is attached to this Complaint as Exhibit A.

9. The claims of the '555 Patent are valid and enforceable.

10. Plaintiff is the owner, by assignment, of U.S. Patent No. 8,350,928 ("the '928 Patent"), entitled "Method and Apparatus for Automatically Categorizing Images in a Digital Camera," which was duly and legally issued on January 8th, 2013 by the United States Patent and Trademark Office ("USPTO").

11. A copy of the '928 Patent is attached to this Complaint as Exhibit B.

12. The claims of the '928 Patent are valid and enforceable.

13. Plaintiff is the owner, by assignment, of U.S. Patent No. 8,836,819 ("the '819 Patent"), entitled "Method and Apparatus for Automatically Categorizing Images in a Digital Camera," which was duly and legally issued on September 16th, 2014 by the United States Patent and Trademark Office ("USPTO").

14. A copy of the '819 Patent is attached to this Complaint as Exhibit C.

15. The claims of the '819 Patent are valid and enforceable.

16. Plaintiff is the owner, by assignment, of U.S. Patent No. 9,363,408 ("the '408 Patent"), entitled "Method and Apparatus for Automatically Categorizing Images in a Digital Camera," which was duly and legally issued on June 7th, 2016 by the United States Patent and Trademark Office ("USPTO").

17. A copy of the '408 Patent is attached to this Complaint as Exhibit D.

18. The claims of the '408 Patent are valid and enforceable.

## COUNT I: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a)

19. Plaintiffs hereby incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Claim 1 of the '555 Patent covers "a device, comprising a processing circuit configured to automatically generate at least one tag for an image captured using the device in response to analyzing data associated with the image at a time of image capture, and a memory circuit configured to store the at least one tag with the data to thereby categorize the image."

21. Defendant manufactures, imports into the United States, offers for sale, and/or sells face recognition systems, which infringe at least Claim 1 of the '555 Patent (hereafter "Accused Product(s)").

22. Defendant's Accused Product(s) include, without limitation Face ID 4 and Face ID 3.

23. A claim chart comparing Claim 1 of the '555 Patent to the Accused Product(s) is attached as Exhibit E.

24. The Accused Product(s) includes a face recognition terminal that uses face recognition to document time and attendance of employees. See Exhibit E, p. 1.

25. The Accused Product(s) includes a 630 MGz microprocessor and BioBridge Face VX 6.0 algorithm to capture the face of the person standing in front of the camera and compares it to stored faces to identify the person instantly. See Exhibit E, p. 2.

26. The Accused Product(s) includes 256MB Flash Memory and 64MB SDRAM to store up to 3000 face templates. See Exhibit E, p. 3.

27. Each one of the elements included in the Infringing System, itemized in paragraphs 24 – 26 above, is an element in Claim 1 of the '555 Patent.

28. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '555 Patent.

29. As a direct and proximate result of Defendant's infringement of the '555 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## COUNT II: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a)

30. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

31. Claim 1 of the '928 Patent covers "a digital camera for automatically categorizing captured image data, the digital camera comprising a processor within the digital camera for capturing image data, an analysis module within the digital camera coupled to the processor and configured to perform image data analysis on the captured image data at the time of image capture by the digital camera and to automatically generate, responsive to the preformed image

data analysis, a category tag for the captured image data; and a memory for storing the generated category tag in association with the captured image data for categorizing the captured image data."

32. Defendant manufactures, imports into the United States, offers for sale, and/or sells face recognition readers and license plate recognition cameras, which infringe at least Claim 1 of the '928 Patent (hereafter "Accused Product(s)").

33. Defendant's Accused Product(s) include, without limitation Face ID 4 and Face ID 3.

34. A claim chart comparing Claim 1 of the '928 Patent to the Accused Product(s) is attached as Exhibit F.

35. The Accused Product(s) includes a face recognition terminal that uses face recognition to document time and attendance of employees. See Exhibit F, p. 1.

36. The Accused Product(s) includes a 630 MGz microprocessor and high quality infrared cameras for capturing the face of users. See Exhibit F, p. 2.

37. The Accused Product(s) includes a BioBridge Face VX 6.0 algorithm for analyzing the facial features of the user, comparing the captured image of the face of the person standing in front of the camera to stored faces to identify the person instantly. See Exhibit F, p. 3.

38. The Accused Product(s) includes 256M Flash Memory and 64MB SDRAM to store up to 3000 face templates. See Exhibit F, p. 4.

39. Each one of the elements included in the Infringing System, itemized in paragraphs 35 – 38 above, is an element in Claim 1 of the '928 Patent.

40. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '928 Patent.

41. As a direct and proximate result of Defendant's infringement of the '928 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## COUNT III: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a)

42. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

43. Claim 1 of the '819 Patent covers "An apparatus comprising a processing device configured to detect a predetermined characteristic in an image file in response to capturing an image, automatically generate at least one category tag for the image file at a time of capturing the image based at least in part on the predetermined characteristic, attach the at least one category tag to the image file; and a memory device configured to store the image file with the attached at least one category tag."

44. Defendant manufactures, imports into the United States, offers for sale, and/or sells face recognition readers and license plate recognition cameras, which infringe at least Claim 1 of the '819 Patent (hereafter "Accused Product(s)").

45. Defendant's Accused Product(s) include, without limitation Face ID 4 and Face ID 3.

46. A claim chart comparing Claim 1 of the '819 Patent to the Accused Product(s) is attached as Exhibit G.

47. The Accused Product(s) includes a face recognition terminal that uses face recognition to document time and attendance of employees. See Exhibit G, p. 1.

48. The Accused Product(s) includes a BioBridge Face VX 6.0 algorithm for analyzing the facial features of the user, comparing the captured image of the face of the user, comparing the captured image of the face of the person standing in front of the camera to stored faces to identify the person instantly. See Exhibit G, p. 2.

49. The Accused Product(s) includes 256MB Flash Memory and 64M SDRAM to store up to 3000 face templates. See Exhibit G, p. 3.

50. Each one of the elements included in the Infringing System, itemized in paragraphs 47 – 49 above, is an element in Claim 1 of the '819 Patent.

51. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '819 Patent.

52. As a direct and proximate result of Defendant's infringement of the '819 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## COUNT IV: CLAIM FOR PATENT INFRINGEMENT
## UNDER 35 U.S.C. § 271(a)

53. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint as if fully set forth herein.

54. Claim 1 of the '408 Patent covers "a method comprising automatically generating, using a first processing device, at least one image category tag based at least in part on the first processing device analyzing image data associated with an image at a time of image capture, storing, in a memory device, the at least one image category tag as part of an image file storing the image; and automatically determining, using the first processing device or a second processing device, a category for the image based at least in part on the at least one image category tag."

55. Defendant manufactures, imports into the United States, offers for sale, and/or sells face recognition readers and license plate recognition cameras, which infringe at least Claim 1 of the '408 Patent (hereafter "Accused Product(s)").

56. Defendant's Accused Product(s) include, without limitation Face ID 4 and Face ID 3.

57. A claim chart comparing Claim 1 of the '408 Patent to the Accused Product(s) is attached as Exhibit H.

58. The Accused Product(s) includes a face recognition terminal that uses face recognition to document time and attendance of employees. See Exhibit H, p. 1

59. The Accused Product(s) includes a BioBridge Face VX 6.0 algorithm for analyzing the facial features of the user, comparing the captured image of the face of the person

standing in front of the camera to stored faces to identify the person instantly. See Exhibit H, p. 2.

60. The Accused Product(s) includes 256MB Flash Memory and 64MB SDRAM to store up to 3000 face templates. See Exhibit H, p. 3.

61. The Accused Product(s) includes a BioBridge Face VX 6.0 algorithm for analyzing the facial features of the user, comparing the captured image of the face of the person standing in front of the camera to stored faces to identify the person instantly. See Exhibit H, p. 4.

62. Each one of the elements included in the Infringing System, itemized in paragraphs 59 – 61 above, is an element in Claim 1 of the '408 Patent.

63. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '408 Patent.

64. As a direct and proximate result of Defendant's infringement of the '408 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the '555 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '555 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C. For such other and further relief, as may be just and equitable.

D. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '928 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

E. For such other and further relief, as may be just and equitable.

F.  Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '819 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

G.  For such other and further relief, as may be just and equitable.

H.  Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '408 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

I.  For such other and further relief, as may be just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated:  April 23, 2018                            Respectfully submitted,

　　/s/ Nicholas Ranallo＿＿＿＿＿＿＿＿
Nicholas Ranallo, Attorney at Law (SBN 4620985)
2443 Fillmore St., #380-7508
San Francisco, CA 94115-1814
nick@ranallolawoffice.com
P: (831) 607-9229
F: (831) 533-5073

Todd Y. Brandt (TX SB # 24027051) (*pro hac vice* pending)
BRANDT LAW FIRM
222 North Fredonia St.
Longview, Texas 75601
Tel:  (903) 212-3130
Fax:  (903) 753–6761
Email: tbrandt@thebrandtlawfirm.com

*Attorneys for Plaintiff, Secure Cam, LLC*